No. 01-363

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 76N

IN THE MATTER OF THE ESTATE OF

THOR K. LANDE, Deceased.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                In and For the County of Big Horn,
                Honorable Blair Jones, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

                Robert E. LaFountain, Attorney at Law, Billings, Montana

        For Respondents:

                Ingrid Gustafson, Graves, Toennis & Gustafson, Billings, Montana

                Peter T. Stanley, Attorney at Law, Billings, Montana

                Brent R. Cromley, Moulton, Bellingham, Longo & Mather, Billings,
                Montana

                                        Submitted on Briefs:   January 10, 2002

                                               Decided:   April 18, 2002

Filed:

        _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Kip Lande (Kip) appeals from the order of the Thirteenth Judicial District Court, Big Horn County, distributing the estate of Thor K. Lande (Cubby). We affirm.

¶3 Kip raises the following issues on appeal:

¶4 1. Did the District Court have subject matter jurisdiction to probate Thor K. Lande's estate?

¶5 2. Did the District Court correctly apply state law, rather than federal law, to determine undue influence?

¶6 3. Did the District Court err in its distribution of the estate?

FACTS AND PROCEDURAL BACKGROUND

¶7 The facts of this case are more fully set out in our previous opinion, *Estate of Lande*, 1999 MT 162, 295 Mont. 160, 983 P.2d 308. The pertinent facts for purposes of this appeal are as follows. Cubby owned a large ranch located within the exterior boundaries of the Crow Indian Reservation, the majority of which was trust property. Cubby was an enrolled member of the Crow Tribe.

¶8 Cubby executed a will on December 30, 1996, creating three 15-year $50,000 trusts with his children Clifford, Kande and Kip as

2

named beneficiaries. The remaining corpus of each trust was to be distributed equally to the beneficiaries on expiration of the trust. The will also created a 15-year Ranch Property Trust, with the three children each receiving 10 percent of the income produced by the ranch. At the expiration of the Ranch Property Trust, the ranch was to be divided equally between another son, Joshua, and the daughter of Cubby's nephew, Vickie. Cubby died on January 4, 1997.

¶9 Clifford, Kande and Kip (collectively, the Contestants) contested the validity of the December 30 will, disputing Cubby's testamentary capacity and claiming that Vickie unduly influenced Cubby at the time he executed the December 30 will. The will contest was tried to a jury, and the jury returned a special verdict finding that Cubby had testamentary capacity and was not unduly influenced when he executed the will.

¶10 The District Court admitted Cubby's will to probate and confirmed the designated co-personal representatives. The Contestants appealed, and we affirmed. The personal representatives subsequently claimed attorney fees and costs on behalf of Cubby's estate. The District Court ultimately ordered the Contestants to pay $76,108.30 for attorney fees and costs. The Contestants appealed, and this Court affirmed in part and reversed in part.

¶11 Subsequently, the District Court entered an Order for Distribution of Estate. The court ordered the estate to distribute $60,000 to each of the Contestants, finding that it was impractical

3

and economically infeasible to sustain a Trust for the Contestants as required by the will. The court found that a lump sum distribution "as full and final distribution of all estate assets to which each is entitled," was in the best interests of the estate and the Contestants. This appeal followed.

DISCUSSION

¶12 Did the District Court have subject matter jurisdiction to probate Cubby's will?

¶13 Kip argues that the District Court did not have subject matter jurisdiction "over trust or non-trust property owned or controlled by Tribal members within Crow Reservation boundaries." He argues that because Cubby was a tribal member and was domiciled on the reservation, the tribal court had exclusive jurisdiction to determine the validity of the will and to probate and distribute the estate.

¶14 It is well-settled that the issue of a court's subject matter jurisdiction may be presented at any time. *Balyeat Law, PC v. Pettit,* 1998 MT 252, ¶ 15, 291 Mont. 196, ¶ 15, 967 P.2d 398, ¶ 15. *See also* Rule 12(h)(3), M.R.Civ.P. A party can never waive or consent to subject matter jurisdiction where there is not a basis for the court to exercise jurisdiction. *Balyeat Law*, ¶ 15.

¶15 This Court has outlined a three-part test for determining whether the state courts of Montana have jurisdiction over transactions occurring on the reservation: (1) whether the federal treaties and statutes applicable have preempted state jurisdiction; (2) whether the exercise of state jurisdiction would interfere with reservation self-government; and (3)

4

whether the Tribal Court is currently exercising jurisdiction or has exercised jurisdiction in such a manner as to preempt state jurisdiction. *Krause v. Neuman* (1997), 284 Mont. 399, 404, 943 P.2d 1328, 1331 (citing *State ex rel. Iron Bear v. District Court of the Fifteenth Judicial Dist.* (1973), 162 Mont. 335, 346, 512 P.2d 1292, 1299).

¶16 Federal statutes clearly preempt state jurisdiction over probate of Indian trust property. 25 U.S.C. § 373 (allowing trust lands to be devised by will, provided that "no will so executed shall be valid or have any force or effect unless and until it shall have been approved by the Secretary of the Interior"). However, federal preemption is limited to "only the trust or restricted property in the estate of an Indian decedent." 25 C.F.R. § 15.3.

¶17 In this case, the District Court did not exercise jurisdiction over the trust property. The Department of the Interior has exclusive jurisdiction over distribution of Cubby's trust property and has presumably exercised that jurisdiction here. The distribution here concerned only cash, which is clearly not subject to federal jurisdiction. We conclude that the District Court had subject matter jurisdiction.

¶18 Did the District Court correctly apply state law, rather than federal law, to determine undue influence?

¶19 Kip argues that the District Court incorrectly applied Montana law, rather than federal law, to determine undue influence. Kip asserts that under Montana law, undue influence is never presumed and must be proven, while under federal law, a rebuttable presumption of undue influence arises when a principal beneficiary under the will was in a confidential relationship with the

5

testator. Kip argues that the federal test is "the proper test [in] cases involving Indian trust property."

¶20 As noted above, only trust property is subject to federal jurisdiction and no trust property was adjudicated in this proceeding. We conclude that the District Court correctly applied Montana law to the cash distribution.

¶21 Did the District Court err in its distribution of the estate?

¶22 Kip next argues that the District Court erred in ordering a distribution of the assets of the estate contrary to the provisions of the will without specific findings as to why the court did not adhere to the will provisions. He argues that absent a unanimous agreement among the devisees as to distribution or absent a waiver by the affected devisee, the District Court erred in its distribution. Unfortunately, Kip does not provide any legal authority for this argument. His only legal argument is that the District Court did not provide specific findings "as to calculations upon which the district court determined specific amounts which were to be distributed to each of the devisees." He cites to this Court's decision in *Estate of Craddock* (1977), 173 Mont. 8, 566 P.2d 45, for the proposition that the case should be remanded to the District Court to provide "such information in order that the Supreme Court not be forced to speculate as to the reasons for the district court's decision."

¶23 In *Craddock*, the district court entered a contested will to probate without making any findings whatsoever. The contestant to the will appealed the decision and we remanded, instructing the

6

district court to make findings of fact and conclusions of law based upon the previously held hearing. *Craddock*, 173 Mont. at 11-12, 566 P.2d at 46. Our decision was based on Rule 52(a), M.R.Civ.P., which "makes it mandatory that the district court make findings of fact and conclusions of law in all actions tried upon the facts without a jury." *Craddock*, 173 Mont. at 11, 566 P.2d at 46.

¶24 Here, the District Court did make findings of fact. The court stated, "The Court finds such distribution and settlement is reasonable for the estate and is consistent with the orderly administration and closing of the estate. Further, [the Contestants] under this distribution and settlement will likely receive more than is currently due or will be due them under the Will of Thor K. Lande in consideration of inheritance taxes and attorney's fees for which they would otherwise be responsible."

¶25 We conclude that the District Court did not err in its distribution to Kip.

¶26 The District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JAMES C. NELSON

7